UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-649(DSD/JMM)

Winthrop Resources Corporation,
a Minnesota corporation,

Plaintiff,

v.

**ORDER**

Eaton Hydraulics, Inc., a
Delaware corporation, fka
Vickers, Inc.,

Defendant.

Jeffrey R. Ansel, Esq., Therese M. Marso, Esq., Julie A. Fishel,, Esq., Matthew R. McBride, Esq., Justice E. Lindell, Esq. and Winthrop & Weinstine, 3200 Minnesota World Trade Center, 30 East 7th Street, St. Paul, MN 55101, counsel for plaintiff.

Steven J. Kluz, Esq., Raphael T. Wallander, Esq. and Rider, Bennett, Egan & Arundel, 2000 Metro Center, 333 South 7th Street, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the Rule 59(e) motion of Eaton Hydraulics, Inc. ("Eaton"). Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies Eaton's motion.

FILED 12-10-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

**BACKGROUND**

Winthrop Resources Corporation ("Winthrop") is a financial services company that specializes in leasing computer systems and other high tech equipment to a broad range of sophisticated corporate customers. Eaton is a Delaware corporation with worldwide locations. On April 13, 2001, Winthrop filed suit against Eaton claiming (1) breach of contract, (2) action on account for scheduled lease charges that Eaton has failed to pay, late fees, applicable taxes and attorneys' fees and costs and (3) action in replevin for the leased equipment. In response, Eaton filed four counterclaims against Winthrop, alleging (1) breach of duty of good faith and fair dealing, (2) fraud, (3) breach of contract and (4) violation of the Minnesota Consumer Fraud Act. Winthrop moved for summary judgment and to dismiss Eaton's counterclaims and, on April 23, 2002, the court granted Winthrop's motions. Eaton now moves the court to reconsider its April 23, 2002, order pursuant to Fed. R. Civ. P. 59(e). For the reasons discussed below, the court denies that motion.

**DISCUSSION**

Winthrop argues that Eaton's Rule 59(e) motion is both procedurally and substantively deficient. The court agrees.

**I. Eaton's 59(e) Motion is Procedurally Deficient**

Winthrop argues that Eaton's motion is procedurally deficient because it is untimely. Rule 59(e) requires that "any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). The Eighth Circuit Court of Appeals recently emphasized that "[t]he entry of judgment, not the filing date, is critical in ascertaining the timeliness of an appeal." Arnold v. Wood, 238 F.3d 992, 995 (8th Cir. 2001). Here, judgment was entered on April 23, 2002, and Eaton's Rule 59(e) motion was filed on May 8, 2002. Thus, Eaton's Rule 59(e) motion was not filed within the time proscribed by the rule and is procedurally deficient.

**II. Eaton's RULE 59(e) Motion is Substantively Deficient**

Alternatively, Eaton's motion is substantively deficient. Eaton argues that the court should reverse its decision to award Winthrop liquidated damages for the following five reasons: (1) previously unavailable expert testimony demonstrates that Winthrop's claims for damages are unreasonable; (2) no factual record supports a finding that Winthrop's liquidated damages are reasonable; (3) no record supports a conclusion that the liquidated damages sought by Winthrop were an approximation of Winthrop's reasonably anticipated harm; (4) awarding CLVs for equipment on terminated lease schedules constitutes manifest

legal error and (5) in light of newly available evidence and Winthrop's failure to meet its burden, awarding Winthrop liquidated damages constitutes manifest injustice.[1] Eaton further argues that the court's determination that Eaton is liable for breach of lease is manifest legal error. The court disagrees with Eaton and finds that Eaton's motion is substantively deficient.

Motions to reconsider serve a "'limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)); see also Mille Lacs Band of Chippewa Indians v. State of Minn. 952 F. Supp. 1362, 1368 (D. Minn. 1997)(emphasizing that the proper role of a motion to reconsider is "extremely limited"); DeWit v. Firstar Corp., 904 F. Supp. 1476, 1495 (N.W. Iowa 1995). A party may not introduce previously available evidence in support of a motion for

---

[1] Specifically, Eaton argues that the court should alter or amend its order to reflect the following: (1) Winthrop's claims for liquidated damages constitute an unenforceable penalty; (2) Winthrop failed to meet its burden of proving that the liquidated damages which it seeks are reasonable under the circumstances and comply with the requirements of Minn. Stat. § 336.2A-504(1); (3) Winthrop is not entitled to an award of CVLs or post-termination rent for equipment on terminated Lease Schedules under the terms of the lease; (4) Winthrop did not afford proper notice of default and (5) the term MSMA has no meaning under the lease and thus could not have been breached.

reconsideration. Id. ("'Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion.'"); Dale and Selby Superette & Deli v. Dept. of Agr., 838 F. Supp. 1346, 1347 (D. Minn. 1993); DeWit, 904 F. Supp. at 1495. "'If the proffered evidence was available before disposition of [a] motion for summary judgment, then as a matter of law the movant is not entitled to reconsideration based upon that evidence.'" Id. (quoting All Hawaii Tours v. Polynesian Cultural Center, 116 F.R.D. 645, 649 (D. Hawaii 1987). The district court has "broad discretion in determining whether to grant a motion to alter or amend judgment ...." Id. at 413.

While Eaton argues that previously unavailable expert testimony demonstrates the unreasonable nature of Winthrop's damages claim, Eaton's argument fails because Eaton's evidence was available prior to the court's summary judgment order. Eaton asserts that its previously unavailable expert testimony includes the testimony of Mr. Peter Daley, Ms. Sandra Bowman and Dr. James Johnson. Eaton, however, filed that testimony with the court on March 1, 2002 and submitted a copy to this chambers on March 4, 2002. (Lindell Aff., Ex. D-G.) Therefore, the

evidence was available to the court prior to the court's disposition of its summary judgment motion and cannot support Eaton's Rule 59(e) motion based upon newly discovered evidence.

Further, Eaton cannot show that the court committed a manifest error of law or that the court's order will result in manifest injustice. While Eaton disputes many of the court's findings, Eaton's arguments do not present any case law or facts that the court overlooked. See Database America, Inc. v. Bellsouth Advertising & Publishing, 825 F. Supp. 1216 (D.N.J. 1993)("When a motion for reconsideration raises only a party's disagreement with a decision of the court, that dispute 'should be dealt with in the normal appellate process....'")(citation omitted). As the court stated in Database, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" Id. at 1220 (citation omitted). Here, Eaton has failed to show more than a mere disagreement with the court's determination. Therefore, the court denies Eaton's Rule 59(e) motion because it is both procedurally and substantively deficient.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Eaton's 59(e) motion for reconsideration is denied.

Dated: December 10, 2002

David S. Doty, Judge
United States District Court