UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-649(DSD/SRN)

Winthrop Resources Corporation,
a Minnesota corporation,

Plaintiff,

v. **ORDER**

Eaton Hydraulics, Inc., a
Delaware corporation, fka
Vickers, Inc.,

Defendant.

Jeffrey R. Ansel, Esq., Therese M. Marso, Esq., Julie A. Fishel,, Esq., Matthew R. McBride, Esq., Justice E. Lindell, Esq. and Winthrop & Weinstine, 3200 Minnesota World Trade Center, 30 East 7th Street, St. Paul, MN 55101, counsel for plaintiff.

Steven J. Kluz, Esq., Raphael T. Wallander, Esq. and Rider, Bennett, Egan & Arundel, 2000 Metro Center, 333 South 7th Street, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion of Winthrop Resources Corporation ("Winthrop") for entry of judgment on damages. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants Winthrop's motion.

FEB 21 2003
FILED ____________
Richard D. Sletten, CLERK
Judgment Ent'd. FEB 21 2003
Deputy Clerk's Initials ______

**BACKGROUND**

Winthrop is a financial services company that specializes in leasing computer systems and other high tech equipment to a broad range of sophisticated corporate customers. Eaton Hydraulics, Inc., ("Eaton") is a Delaware corporation with worldwide locations. On April 13, 2001, Winthrop filed suit against Eaton claiming (1) breach of contract, (2) action on account for scheduled lease charges that Eaton has failed to pay, late fees, applicable taxes and attorneys' fees and costs and (3) action in replevin for the leased equipment. In response, Eaton filed four counterclaims against Winthrop, alleging (1) breach of duty of good faith and fair dealing, (2) fraud, (3) breach of contract and (4) violation of the Minnesota Consumer Fraud Act.

Winthrop moved for summary judgment and to dismiss Eaton's counterclaims. On April 23, 2002, the court granted Winthrop's motion for summary judgment in its entirety and granted Winthrop's motion to dismiss Eaton's counterclaims. Winthrop now brings a motion pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 58 for entry of judgment on damages, and after careful review, the court grants the motion.

## DISCUSSION

### I. Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 58

Fed. R. Civ. P. 59(e) provides in relevant part:

> **Motion to Alter or Amend Judgment.** Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment.

Rule 59(e) allows a court to amend or alter judgments to correct manifest errors of law or fact or to take into account newly discovered evidence. See Johnson v. Chater, 108 F.3d 942, 946 (8th Cir. 1997). Fed. R. Civ. P. 58 provides for the entry of judgment.

### II. Motion for Entry of Judgment on Damages

The court grants Winthrop's motion for entry of judgment pursuant to the court's April 23, 2002, order. In that order, the court fully analyzed the issue of damages. In Section III, entitled "Winthrop's Claim for Full Damages," the court concluded that Winthrop was entitled to "full damages under the contract." (Order at 19.) The court recognized that "Winthrop must credit Eaton with any funds or value derived from the repossessed or returned equipment" and that Winthrop has a duty to mitigate. (Order at 21.) The court also provided that "Winthrop may petition the court for attorneys' fees and costs, accrued taxes and late charges." (Order at 21 No. 4.)

Based upon its analysis, the court granted Winthrop's motion for summary judgment on damages because the court found no genuine issue of material fact with respect to damages. Eaton's only

challenge to Winthrop's damages claim was its incorrect assertion that Winthrop's claim for damages was an unenforceable penalty and that the casual loss provision did not apply to equipment on terminated lease schedules. Eaton never otherwise contested Winthrop's damages calculations. While Eaton claimed that Tracy Bolton's affidavit created a question of material fact as to damages, that affidavit presents no question of fact on damages but rather presents evidence on liability. (See Bolton Aff.)

Because the court found no genuine issue of material fact as to damages, the court expressly granted Winthrop's motion for summary judgment on damages when it granted Winthrop's motion "in its entirety" and when it referenced docket number 31, which is Winthrop's motion for summary judgment. Winthrop's motion for summary judgment requested "an entry of an order granting summary judgment in favor of Winthrop and against Defendant on the claims set forth in Winthrop's Complaint in the amount of $4,222,024.67 plus costs, disbursements and attorneys' fees incurred by Winthrop...." (Pls.'s Mot. Summ. J. at 1.) By granting Winthrop's motion "in its entirety" and by expressly referencing docket number 31, the court incorporated Winthrop's damages claim for $4,222,024.67 plus costs, disbursements and attorneys' fees within its summary judgment order.

Therefore, pursuant to the court's April 23, 2002, order, the court grants Winthrop's motion for entry of judgment on damages and calculates Winthrop's damages award as follows:

| | | |
|---|---|---|
| | $4,222,024.76 | [Docket Nos. 31 and 58] |
| *less* | $77,720 (mitigation) | [Docket Nos. 58 and 80] |
| *plus* | $221,132.97 (costs/fees) | [Docket No. 58 and Second Supplemental Ansel Aff.] |

**TOTAL $4,365,437.64.**

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Winthrop's motion for entry of judgment on damages is granted. The court orders entry of judgment in the amount of $4,365,437.64.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 21, 2003

David S. Doty, Judge
United States District Court

# UNITED STATES DISTRICT COURT
## District of Minnesota

700 Federal Building
316 North Robert Street
St. Paul, MN 55101

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

417 Federal Building
515 West First Street
Duluth, MN 55802

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.